IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRENCE LYNOM, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 17-cv-682-JPG |
| | ) |
| LT. HANES, | ) |
| JEREMY MOUNT, | ) |
| TRAVIS A. SCOTT, and | ) |
| NURSE SHIRLEY, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Jefferson County Justice Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff raises claims of deliberate indifference to medical needs and conditions of confinement based on incidents that occurred while Plaintiff was detained at the Jefferson County Jail. The Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

1

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On April 27, 2017, while incarcerated at the Jefferson County Jail, Plaintiff was placed in segregation. (Doc. 1, p. 7). The entire time Plaintiff was in segregation, he was exposed to bug infestations and unsanitary conditions that included exposure to waste water (containing urine and feces) and black mold. (Doc. 1, pp. 7-8).

The segregation cell was infested with bugs and had old food trays, containing mold and rotten food. (Doc. 1, p. 7). When Plaintiff attempted to move the food trays, bugs scattered throughout the cell. *Id.* The cell included a sink with a faucet. *Id.* The water from the faucet was brown and smelled of rust. *Id.* Plaintiff asked "staff" for a new cell and cleaning supplies, but his requests were denied. *Id.* The "staff" indicated they were too busy to assist Plaintiff. *Id.*

On May 7, 2017, presumably while Plaintiff was in the same segregation cell, Plaintiff's cell was flooded with waste water containing feces and urine from another cell. *Id.* The waste water was coming under Plaintiff's cell door and up through the toilet. *Id.* Plaintiff sought help from "staff." *Id.* Plaintiff was told to place his blanket and sheets on the floor to soak up the waste water. *Id.* Later, "staff" came in and placed more blankets on the floor to soak up the waste water. *Id.* Plaintiff was never given any cleaning supplies to sanitize his cell following the waste

water incident. *Id.* Additionally, waste water leaked into his cell on more than one occasion, always with the same response from jail staff. *Id.*

Plaintiff spoke directly to Lt. Hanes and, on at least one occasion, Lt. Hanes inspected the segregation cells and observed the unsanitary living conditions. (Doc. 1, pp. 7-8). However, Lt. Hanes took no action to remedy the conditions. *Id.*

As a result of these conditions, Plaintiff began to develop a rash and was suffering mentally. (Doc. 1, p. 8). When Nurse Shirley[1] was doing rounds, Plaintiff showed her the rashes he had gotten since living in the cell. *Id.* He also spoke to her about his poor mental health. *Id.* He indicated he needed treatment, was suffering from "emergency mental health problems," and was a danger to himself and others. *Id.* On one occasion, Plaintiff "wrote down on paper what was happening to him." *Id.* Nurse Shirley did not provide Plaintiff with any treatment. *Id.*

Defendants Mount and Scott are identified as defendants in the caption and list of defendants. (Doc. 1, pp. 1-3). However, the body of the Complaint does not direct any allegations against (or even mention) either Defendant.

## **Discussion**

*Dismissal of Defendants Mount and Scott*

The Court begins its § 1915A review with a note about the parties in this case. Although Mount and Scott are identified as defendants in the case caption and list of defendants, they are not referenced in the body of the Complaint. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's

---

[1] The Complaint states that Plaintiff spoke to "the nurse." (Doc. 1, p. 8). The Complaint identifies Nurse Shirley as the "Nurse of Jefferson County Jail." (Doc. 1, p. 3). Taken together, these allegations suggest Plaintiff's allegations regarding speaking to "the nurse" are directed at Nurse Shirley.

3

name in the caption.").² Accordingly, these Defendants shall be dismissed from this action without prejudice for failure to state a claim.

Turning to the allegations in Plaintiff's Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

> **Count 1 –** Conditions of confinement claim against Lt. Hanes.
>
> **Count 2 –** Deliberate indifference claim against Nurse Shirley for failing to treat Plaintiff's rash.
>
> **Count 3 –** Deliberate indifference claim against Nurse Shirley for failing to respond to Plaintiff's requests for mental health treatment.

**Preliminary Matter – Plaintiff's Legal Status**

Plaintiff was housed in the Jefferson County Jail when his claims arose. This suggests that he was a detainee awaiting trial; however, the Complaint does not reveal Plaintiff's status. Claims brought pursuant to § 1983, when involving detainees, arise under the Fourteenth Amendment and not the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Nonetheless, the Seventh Circuit has "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and

---

² Plaintiffs, even those proceeding *pro se*, are required to associate specific defendants with specific claims so that defendants are put on notice of the claims brought against them and can properly answer the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Additionally, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

Eighth Amendment (convicted prisoners) 'without differentiation.' " *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)).

**Count 1 – Conditions of Confinement**

According to the Complaint, while in segregation, Plaintiff was exposed to unconstitutional conditions of confinement. His cell was infested with bugs, contained black mold and dirty food trays. Additionally, Plaintiff's cell was flooded with waste water – containing urine and feces – on more than one occasion. Plaintiff was not given cleaning supplies to sanitize his cell after the waste water incidents. Instead, the waste water was simply soaked up with blankets.

The Due Process Clause of the Fourteenth Amendment prohibits conditions of confinement for pretrial detainees that amount to punishment. *Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005). The conditions of confinement described in the complaint are sufficient to support a constitutional claim. However, that does not end the analysis.

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). A prison official such as Lt. Hanes can also be held liable for failing to exercise his or her authority to take action to investigate and rectify a constitutional violation about which he or she is was aware. *Perez v. Fenoglio,* 792 F.3d 768, 782 (7th Cir. 2015).

Here, Plaintiff alleges that he spoke to Lt. Hanes directly about the conditions and that Lt. Hanes personally observed the conditions in Plaintiff's cell. However, nothing was done to

5

change those conditions. This is sufficient, at the threshold stage, to proceed against Lt. Hanes. Accordingly, **Count 1** shall receive further review.

**Count 2– Deliberate Indifference to a Serious Medical Need**

To state a claim for deliberate indifference to medical care, a detainee (or a convicted prisoner) must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008); *Jackson v. Ill Medi-Car, Inc*., 300 F.3d 760, 764-65 (7th Cir. 2002).

The Seventh Circuit has held that "a broad range of medical conditions may be sufficient to meet the objective element of a deliberate indifference claim, including a dislocated finger, a hernia, arthritis, heartburn and vomiting, a broken wrist, and minor burns sustained from lying in vomit." *Roe v. Elyea*, 631 F.3d 843, 861 (7th Cir. 2011); *see also King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir. 2012). The Seventh Circuit recently held that a prisoner's "claim of 'excruciating pain' from his skin infections" satisfied the objective element, while a two-centimeter spider bite did not when the prisoner did not appear allergic. *Compare Myrick v. Anglin*, 496 F. App'x. 670, 674 (7th Cir. 2012) with *Jellis v. Hulick*, 422 F. App'x. 548, 550 (7th Cir. 2011).

A rash or minor skin irritation is generally not severe enough to establish the presence of a serious medical need. *See Sledge v. Kooi*, 564 F.3d 105, 108 (2d Cir. 2009) (holding that eczema is not a "serious medical need" for purposes of a deliberate medical indifference claim); *Tsakonas v. Cicchi*, 308 F. App'x. 628, 632 (3d Cir. 2009) (holding that "eczema of the feet [and] athlete's foot" are not objectively serious); *Tasby v. Cain*, 86 F.App'x. 745, 746 (5th Cir.

2004) (holding that a prisoner's development of a rash "does not establish that he suffered 'serious harm' ") (quoting *Farmer*, 511 U.S. at 847). However, a rash that causes chronic or severe pain is likely sufficient to establish an objectively serious medical need. *See* Myrick, 496 F. App'x. at 674; *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997) (chronic and substantial pain sufficient to establish serious medical need).

The Complaint lacks the factual underpinnings necessary to suggest that Plaintiff's rash was objectively serious or severe. Plaintiff does not claim he was or is in pain. In fact, he provides no detail regarding the rash. He merely alleges that he suffered from a rash or rashes. Based upon the lack of objective severity of Plaintiff's medical condition, he has not stated a viable deliberate indifference claim, and **Count 2** will be dismissed without prejudice.

### Count 3 – Deliberate Indifference to Serious Mental Health Needs

An inmate's need for treatment of a mental illness may rise to the level of an objectively serious medical condition. *See, e.g., Rasho v. Elyea*, 856 F.3d 469 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

In Plaintiff's case, he allegedly told Nurse Shirley that he was having a mental health emergency and feared he might injure himself or others. A person who is contemplating suicide presents an objectively serious mental health condition that places him at risk of harm. Nurse Shirley took no action to assist Plaintiff. At this stage, Plaintiff has stated a deliberate indifference claim in **Count 3** against Nurse Shirley that merits further consideration.[3]

---

[3] Plaintiff does not allege that the denial of mental health care resulted in any sort of physical injury. However, the Court does not consider the nature of Plaintiff's injury in this screening order. While 42 U.S.C. § 1997e states that "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury ...," the Seventh Circuit has decreed that this provision does not bar the actual filing of suit, but rather serves as a limitation on damages. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003). The Court notes, however, that plaintiffs without a physical injury can only recover nominal damages (typically $1), punitive damages, and fees. *Id*.

**Pending Motions**

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (Doc. 4) shall be addressed in a separate Order of this Court. For purposes of determining how service of process shall proceed, however, the Court observes that Plaintiff appears to qualify for pauper status. Accordingly, service of summons and the Complaint will be effected at government expense. See 28 U.S.C. § 1915(d).

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **MOUNT** and **SCOTT** are **DISMISSED** without prejudice for failure to state a claim. The Clerk of the Court is **DIRECTED** to terminate these individuals as parties in CM/ECF.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to Defendant **HANES** and **COUNT 3** shall receive further review as to Defendant **SHIRLEY.**

**IT IS FURTHER ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **HANES** and **SHIRLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: August 31, 2017**

<u>*s/J. Phil Gilbert*</u>
**J. PHIL GILBERT**
**United States District Judge**